IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LISA JEAN MERRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-00284-CV-W-BP-SSA |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). For the following reasons, the Commissioner's decision is **AFFIRMED**.

## I. BACKGROUND

Plaintiff Lisa Merrell was born in November 1974 and applied for SSI and DIB on January 24, 2019, alleging that she became disabled on September 15, 2018. (R. at 251, 260.) Prior to her alleged onset date, Plaintiff had work experience as a retail clerk, molding machine tender, and child monitor. (R. at 16.)

After holding a hearing, an Administrative Law Judge ("ALJ") found that Plaintiff suffers from degenerative disc disease of the lumbar and cervical spine, asthma, recurrent urinary tract infections ("UTIs"), depression, anxiety, and a proneness to panic attacks. (R. at 12.) However, the ALJ found that these problems were not medically equal in severity to one of the listed impairments in 20 C.F.R. Part 404. (R. at 12–13.)

The ALJ then evaluated Plaintiff's Residual Functional Capacity ("RFC"). He found that, due to Plaintiff's impairments, Plaintiff can perform light work with the following additional limitations: she can never climb ladders, ropers, or scaffolds; she should avoid dust, fumes, and other pulmonary irritants, as well as extremely hot, cold, or humid environments; she can occasionally climb ramps or stairs, stoop, kneel, crouch, and crawl; and she can perform simple tasks in work that does not involve fast-paced activity. (R. at 14.)

After formulating Plaintiff's RFC, the ALJ found that Plaintiff could not perform her past relevant work, but that she could perform a number of jobs that exist in significant numbers in the national economy, including as a folding machine operator, a routing clerk, and a mail clerk. (R. at 17.) In reaching this conclusion, the ALJ relied on the testimony of a Vocational Expert ("VE") who testified that Plaintiff could perform these jobs in spite of the limitations in Plaintiff's RFC. (R. at 104–08.) Consequently, the ALJ concluded that Plaintiff is not disabled.

Plaintiff has now appealed the ALJ's determination, arguing that it was not supported by substantial evidence. The Commissioner opposes Plaintiff's appeal. The Court resolves these issues below, setting out additional facts as needed.

## II. DISCUSSION

The Court has a limited ability to revisit the conclusions of an ALJ. Specifically, "review of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Although the substantial evidence standard is favorable to the Commissioner, it requires the Court to consider evidence that fairly detracts from the Commissioner's decision. *E.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). But if the

Court finds substantial evidence to support the Commissioner's decision, it cannot reverse the decision simply because there is also substantial evidence that might have supported the opposite outcome. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). With these principles in mind, the Court turns to Plaintiff's arguments.

1. **Plaintiff's Mental Limitations**

In discussing Plaintiff's mental limitations stemming from her depression and anxiety, the ALJ found "generally persuasive" the opinion of Margaret Sullivan, Ph.D., a state agency medical consultant who reviewed Plaintiff's medical history. (R. at 16.) Dr. Sullivan opined that Plaintiff had no significant limitation in her ability to carry out short and simple instructions, but moderate limitations in her ability to maintain concentration and carry out detailed instructions. (R. at 117.)

Plaintiff contends that the ALJ erred in failing to include Dr. Sullivan's finding that Plaintiff is moderately limited in her ability to maintain concentration and carry out detailed instructions in Plaintiff's RFC. (Doc. 15, pp. 11–12; Doc. 23, pp. 2–5.) The Court disagrees for several reasons. First, the language in the RFC limiting Plaintiff to "simple tasks" and precluding "fast-paced activity" encompasses restrictions on Plaintiff's ability to execute detailed instructions and maintain concentration for long periods of time; the RFC is not inconsistent with Dr. Sullivan's report merely because the ALJ did not quote Dr. Sullivan verbatim. Second, "the determination of a claimant's RFC at the administrative hearing level is the responsibility of the ALJ alone and is distinct from a medical source's opinion," and the ALJ can identify the limitations in the RFC by "[v]iewing the record as a whole." *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013) (citing 20 C.F.R. § 404.1546(c)). In addition to Dr. Sullivan's report, the ALJ cited a number of medical examinations where Plaintiff displayed no abnormalities of mood and affect and normal memory. (E.g., R. at 357, 389, 508, 592.) The ALJ also noted Plaintiff's lack of extensive mental health

3

treatment. (R. at 15.) Therefore, there is substantial evidence in the Record as a whole to support the ALJ's mental RFC findings.

Separately, Plaintiff argues that Dr. Sullivan's opinion itself does not constitute substantial evidence to support the ALJ's decision, in part because Plaintiff received additional mental health treatment after Dr. Sullivan issued her opinion. (Doc. 15, pp. 12–13.) The Court disagrees; the Eighth Circuit has repeatedly held that state agency consultant opinions are a valid basis for an RFC determination, *e.g., Buford v. Colvin,* 824 F.3d 793, 797 (8th Cir. 2016), and the subsequent mental health treatment Plaintiff received reflects diagnoses of depression and anxiety, which are encompassed by Dr. Sullivan's report.

2. **Plaintiff's Physical Limitations**

Plaintiff raises a variety of arguments against the ALJ's formulation of his physical limitations, none of which are availing. First, Plaintiff contends that the ALJ erred because he limited Plaintiff to "light work," but failed to discuss, on a function-by-function basis, Plaintiff's ability to lift, stand, walk, and sit. (Doc. 15, pp. 13–14.) The Court disagrees. By limiting Plaintiff to light work (along with additional limitations), the ALJ incorporated the definition of light work in the Code of Federal Regulations, which provides that a person capable of light work can stand and walk, off and on, for approximately six hours of an eight-hour workday, and can frequently lift up to 10 pounds and occasionally lift up to 20 pounds. 20 C.F.R. §§ 404.1567(b), 416.967(b). The ALJ is not required to "mechanically list and reject every possible limitation" when formulating an RFC. *Nash v. Commissioner, Social Security Administration*, 907 F.3d 1086, 1091 (8th Cir. 2018) (citation omitted). Thus, the Court rejects Plaintiff's suggestion that there is no way to "identify how much walking, sitting, standing, pushing, or pulling the ALJ found Plaintiff

4

could perform," (Doc. 23, p. 7), because those findings were encompassed in the ALJ's conclusion that Plaintiff could perform light work.

Next, Plaintiff argues that substantial evidence does not support the ALJ's physical RFC findings because the RFC was not derived from any specific medical source's opinion. (Doc. 15, pp. 14–16.) The Court disagrees. "[T]he determination of a claimant's RFC at the administrative hearing level is the responsibility of the ALJ alone and is distinct from a medical source's opinion," and the ALJ can identify the limitations in the RFC by "[v]iewing the record as a whole." *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013) (citing 20 C.F.R. § 404.1546(c)). In particular, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

And the medical evidence in the Record supports the ALJ's conclusion that Plaintiff's physical symptoms are not disabling. Indeed, the ALJ considered each of Plaintiff's severe impairments and extensively reviewed the medical evidence regarding each impairment. With respect to Plaintiff's degenerative disc disease, the ALJ cited extensive evidence that Plaintiff's gait and range of motion in her extremities and spine remain largely normal. (R. at 389; 451 (although Plaintiff had "limited flexibility of forward flexion," she exhibited "full range of motion of the lumbar spine" and only "mild" tenderness); 459; 508 (Plaintiff had a "[p]ainless range of motion" on her back).) With respect to Plaintiff's asthma, the ALJ cited evidence that Plaintiff has very seldom exhibited signs of respiratory distress or severe difficulty breathing. (R. at 530.) Regarding Plaintiff's UTIs, the ALJ cited evidence indicating that they did not cause any substantial complications other than discomfort. (R. at 475.)

In sum, there is ample medical evidence to support the ALJ's conclusion that limiting Plaintiff to light work, with the additional constraints the ALJ identified, appropriately reflects the

symptoms of Plaintiff's severe impairments. Therefore, the Court rejects Plaintiff's arguments with respect to her physical impairments.

### 3. The VE's testimony

Finally, Plaintiff argues that the VE's testimony is not substantial evidence that Plaintiff can work at a job that exists in significant numbers in the national economy. (Doc. 15, p. 17.) Specifically, Plaintiff argues that one of the three jobs the VE identified, the position of "mail clerk," requires fast-paced or production-quota work, which conflicts with the limitation in Plaintiff's RFC precluding such work. (*Id*. at p. 19.) Regardless of whether this is true, the VE also identified two other jobs—folding machine operator and routing clerk—which Plaintiff could perform despite the limitations in her RFC. (R. at 105.) Plaintiff does not contest the VE's determination that a person with the limitations in Plaintiff's RFC could perform those jobs; and because the VE responded to an accurately phrased hypothetical question, substantial evidence supported the ALJ's determination that Plaintiff could perform work that exists in significant numbers in the national economy. *Milam v. Colvin*, 794 F.3d 978, 985–86 (8th Cir. 2015).

Plaintiff also contends that because the ALJ erred in formulating her RFC, the hypothetical questions posed to the VE are similarly flawed. (Doc. 15, p. 17.) Because the Court has found no error in the ALJ's RFC formulation, the Court rejects this argument for the same reasons.

### III. CONCLUSION

For the foregoing reasons, the Court finds that substantial evidence supports the ALJ's determination of Plaintiff's RFC. Consequently, the Commissioner's final decision denying benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
**DATE**: May 4, 2022            UNITED STATES DISTRICT COURT